UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN NOTTINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) 1:06-cv-735-JDT-TAB |
| JUDGE SARAH EVANS BARKER, et al., | ) |
| Defendants. | ) |

**Order Discussing Post-Judgment Motions
and Imposing Restricted Filer Status**

**I.**

Portions of the plaintiff's filing of May 31, 2006, and June 1, 2006, appear to seek reconsideration of the rulings in Parts II and III of the Entry issued on May 19, 2006. To that extent, and with respect to the dismissal of the action in particular, the filings of May 31, 2006, and June 1, 2006, can be treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. To that extent, the motion is **denied,** because the plaintiff has not brought "the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003).

**II.**

The plaintiff's filings of May 21, 2006, and June 1, 2006, also represent the plaintiff's renewed request for the recusal of the undersigned.

Two federal statutes, 28 U.S.C. §§ 144 and 455, govern recusal. *See Hamm v. Bd. of Regents,* 708 F.2d 647, 651 (11th Cir. 1983). Section 144 relates only to charges of actual bias. *Henderson v. Dep't of Pub. Safety & Corr.,* 901 F.2d 1288, 1296 (5th Cir. 1990). Under § 455, a judge must *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994).

*28 U.S.C. § 144.* Section 144 provides for the disqualification of a district court judge when a party to a proceeding before that judge files a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice either against him or in favor of any adverse party." A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *United States v. Barnes,* 909 F.2d 1059, 1071 (7th Cir. 1990). Because the plaintiff has not filed an affidavit with his motion, § 144 is inapplicable to his motion for recusal. *Tezak v. United States,* 256 F.3d 702, 716-17 (7th Cir. 2001)("A motion to disqualify a judge pursuant to § 144 is allowed if a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against a party.")(citing *United States v. Balistrieri,* 779 F.2d 1191, 1199 (7th Cir. 1985)); *see also Youn v. Track, Inc.,* 324 F.3d 409, 422 (6th Cir. 2003)("Recusal is never granted without the affidavit.")(citing *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990)). The plaintiff's renewed request for recusal is also not proper here because "§ 144 . . . limits a party to filing only one affidavit in a case." *Id.* at 717 (citing *Balistrieri,* 779 F.2d at 1200 & n.6). The plaintiff previously filed a motion to recuse the assigned judge. That motion was denied on May 19, 2006. These deficiencies render the renewed request for recusal inadequate under § 144. *In re Medlock,* 406 F.3d 1066, 1072 (8th Cir. 2005).

Apart from the procedural inadequacies noted above, even if the plaintiff had attempted to follow the proper procedures, allegations of bias are considered insufficient if they are based on conclusions, opinions, or rumors. *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)); *Glass v. Pfeffer,* 849 F.2d 1261, 1267 (10th Cir. 1988). As explained below, the motion for recusal fails to supply any specifics regarding his contention and is insufficient to support the relief sought for that reason as well.

*28 U.S.C. § 455*. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *In re Murchison,* 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness."); *Bracy v. Schomig,* 286 F.3d 406, 418 (7th Cir. 2002)("[A] 'fair trial in a fair tribunal' . . . means [a defendant's] right to a judge who takes seriously his responsibility to conduct fair proceedings, a judge who looks out for the rights of even the most undeserving defendants.").

Section 455(a) addresses the objective appearance of bias and does not require proof of actual bias. *In re United States,* 441 F.3d 44, 68 (1st Cir. 2006). "The trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *Id.* This is an objective standard that asks if a reasonable observer would perceive "a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996).

Adverse rulings against a party are not evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *McLaughlin v. Union Oil Co. of Calif.*, 869 F.2d 1039, 1047 (7th Cir. 1989) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but

requires evidence that the officer had it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be"); *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) ("It is simply not enough to voice disagreement with previous rulings by [the judge] . . . [n]or is it enough to complain that [the judge] did not expressly consider some of appellant's motions"). Rather, a judge's bias must "arise from an extrajudicial source." *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001).

The plaintiff suggests that the rulings in this case, and perhaps in other cases he has filed in this court and in other courts, have been laced with error. He supports this assertion with partial statements (meaning incomplete sentences) and misstatements of the proceedings here. These assertions reveal his imperfect sense of the limited role of this court, of the avenue of legal redress he has (or has had in the past), and of the simple effect of rulings made on claims and in cases he has brought. Against this backdrop, and recalling the only discernible basis for the request for my recusal is the fact that rulings have not been made which he deems favorable to him, there is no appearance of bias. *Matter of Huntington Commons Associates,* 21 F.3d 157, 158-59 (7th Cir. 1994). The management of an action through rulings made, and perhaps in some circumstances rulings not made, are proper grounds for appeal, not for recusal. *Liteky,* 510 U.S. at 555; *In re Golant,* 239 F.3d 931, 938 (7th Cir. 2001) (absent other evidence, a decision maker's bias is not present "merely because a party loses on the merits." (citation omitted)).

A judge is presumed to be impartial. *See Withrow v. Larkin,* 421 U.S. 35, 47 (1975); *United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981). The moving party bears a "substantial burden" to show that the judge is not impartial. *United States v. International Business Machines,* 475 F.Supp. 1372, 1379 (S.D.N.Y. 1979), *aff'd,* 618 F.2d 923 (2d Cir. 1980). The recusal of a judge is a serious matter and must not be based on conjecture or mere opinion of a party. No reasonable person, informed of all the circumstances, would conclude that I am personally biased or prejudiced against the plaintiff or that the court's impartiality may reasonably be questioned. There is no close call to make in this case. The mere filing of a motion to recuse does not require disqualification, and the plaintiff offers nothing of substance beyond his mere motion. That renewed motion, therefore, is **denied.**

### III.

The plaintiff's filings of May 21, 2006, and June 1, 2006, represent his response to the directions in Part IV of the Entry issued on May 19, 2006. His response does not address the repetitive, duplicative, and abusive filings, does not suggest that he is prepared to limit his future filings in this court to non-frivolous claims, does not acknowledge the prior adjudications of his claims in this court (through the 27 lawsuits which had been filed and closed in the 24-month period prior to the filing of this case) and does not explain the exploding pattern of past and ongoing filings which show every indication of continuing unless abated. He has also disregarded the court's admonitions concerning the continuation of this pattern. He does suggest that the proposed restriction on his filing status would violate his First Amendment right to seek redress of grievances and his Seventh Amendment right to a jury trial. However, individuals do not have a constitutional right to bring frivolous lawsuits. *Coleman v. Comm'r of Internal Revenue,* 791 F.2d 68, 72 (7th Cir. 1986).

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts "have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197 (9th Cir. 1999); *see also In re Martin-Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). As noted in Part IV of the Entry of May 19, 2006,

> The parade of dismissals in these actions have been ineffective in stemming the tide of the plaintiff's relentlessly frivolous, and now patently abusive litigation. In similar circumstances, the Court of Appeals has approved measures against litigants who file frivolous suits, holding that so long as such measures do not "bar the courthouse door" entirely, they do not impermissibly restrict litigants' access to the courts. *See In re Chapman,* 328 F.3d 903, 905-06 (7th Cir. 2003); *In re Davis,* 878 F.2d 211, 212 (7th Cir. 1989).

The abusive, vexatious, and baseless filings of John Nottingham have been an engine of oppression, whether intended as such or not, and cannot be permitted to continue unabated. In short, the plaintiff has not shown cause why his future filings in this court should not be restricted. For the reasons explained in Part IV of the Entry issued on May 19, 2006, and for the further reasons explained above, therefore, the court finds that such an injunction should issue. His future filings in this court are restricted as specified in this Order. Any new action he tenders for filing in this court, except for matters pertaining to a criminal prosecution in which he is a defendant, if any, or an action for habeas corpus relief, shall be screened and approved by the court before being forwarded to the clerk for filing, and if found to be frivolous, duplicative of other litigation or otherwise legally insufficient or abusive, will not be filed. A separate order is being issued specifying the details of the manner in which this procedure will be implemented. The plaintiff is **warned,** that it is his responsibility to clearly identify any paper submitted for filing as pertaining to either (a) a new action, or (b) a previously-filed action. He has already been confronted (through Judge Young's Order in No. 1:05-cv-0937-RLY-TAB) with the requirements that: (1) he is to limit his filings to one document per case, meaning that he should not submit a document for filing in multiple cases; (2) only one cause number should be referenced in the caption of the case, so that it is **completely evident** from the caption he has used the case in which the document was intended to be filed; and (3) these directions are applicable to all of the plaintiff's filings in this District and he will be expected to comply with these directions. **If papers submitted by the plaintiff do not comply with the foregoing directions it may result in the paper being docketed in a manner not intended by the plaintiff and may result in the paper being returned to him without being docketed in any of his cases.**

**IT IS SO ORDERED**.

John Daniel Tinder, Judge
United States District Court

Date: 06/02/2006

Distribution:

John Nottingham
517 Front Street
Hollidaysburg, PA 16648